**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3832-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NOHMAAN R. MALIK,

    Defendant-Appellant.

_____

Submitted November 18, 2025 – Decided December 4, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Ocean County, Law Division, Indictment No. 16-08-1519.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant Nohmaan R. Malik appeals from a July 11, 2024 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. Judge Guy P. Ryan determined that defendant's PCR petition was time-barred and otherwise lacked merit. Having conducted a de novo review, we agree and affirm.

I.

In April 2016, defendant and co-defendants, Dario Batista, Marie Lopez, and T.V.,[1] drove from New York to a Best Buy in Brick Township with the common purpose of fraudulently purchasing cellphones.

A Brick Township Police Officer was flagged down by the Best Buy manager, who alerted him that two individuals were inside the store attempting to purchase cellphones and displaying fake driver's licenses. Officers conducted a consent search of the vehicle and found several fraudulent credit cards and licenses. Defendant and co-defendants were each placed under arrest and transported to police headquarters.

At headquarters, Lopez indicated that defendant, who she knew only as "Nove," arranged the scheme and brought Lopez and T.V. to a location in New

---

[1] T.V. was a juvenile at the time of the incident. She is referred to as T.V. in the police report and submitted papers; thus, we also use her initials.

 A-3832-23

York to take pictures intended to be used for fake identification; and then provided her with cash, a fake New Jersey Driver's License with her picture on it, and a fake credit card. He then arranged for her to go into Best Buy. Batista corroborated Lopez's story. T.V. also corroborated Lopez's story and showed the detective text messages from "Nove" providing explicit instructions for fraudulently purchasing the cellphones. Defendant was subsequently indicted with third-degree attempted theft by deception, N.J.S.A. 2C:5-1a(1) and N.J.S.A. 2C:20-4.

In December 2016, defendant pled guilty to an amended charge of fourth degree attempted theft by deception. At his plea hearing, defendant stated he: (1) understood the plea agreement; (2) willingly accepted it, understood he did not have to accept it, and knew he was forfeiting his right to a trial and his right to remain silent; (3) made the plea voluntarily and without coercion; (4) was satisfied with his counsel's representation; and (5) reviewed the plea form, initialed each page, and signed the last page.

On February 10, 2017, defendant appeared for sentencing. Defendant's counsel represented "this case probably would have amounted to a pretrial intervention case if he had not had that prior conditional discharged from New Rochelle." Defendant testified to understanding he: had forty-five days from

sentencing to appeal his conviction; had the right to be represented by counsel for the appeal; could extend the deadline to appeal on a showing of good cause; and that he had five years from February 10, 2017, to file a petition for PCR. In accordance with his plea agreement, defendant was sentenced to one year probation. Defendant did not file a direct appeal.

Six years and seven months later, defendant filed a self-represented PCR petition. The PCR court issued an order assigning counsel and issued a deficiency notice indicating defendant's petition was: (1) not cognizable under Rule 3:22-2; (2) not cognizable under Rule 3:22-8; and (3) filed more than five years after the judgment of conviction.

Defendant's counsel then filed a brief in support of defendant's petition. The court heard oral argument and issued an order denying defendant's petition. Judge Ryan concurrently issued a nineteen-page written opinion finding that defendant's PCR petition was time-barred under Rule 3:22-12. The judge also addressed the merits of defendant's petition and found that defendant had not established either prong of the Strickland test. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

A-3832-23

On appeal, defendant argues the following points:

POINT ONE

THE PCR COURT ERRED IN PROCEDURALLY BARRING DEFENDANT FROM SEEKING POST-CONVICTION RELIEF.

POINT TWO

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

POINT THREE

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

II.

When a PCR court does not conduct an evidentiary hearing, legal and factual determinations are reviewed de novo. State v. Harris, 181 N.J. 391, 419 (2004). The decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

The arguments defendant makes on appeal are essentially the same arguments he presented below. We reject those arguments for the reasons

explained by Judge Ryan in his well-reasoned written opinion. We add the following comments.

Defendant's PCR petition was filed almost two years after the five-year limit of Rule 3:22-12. Defendant has shown no excusable neglect to relax the time limit. See Rule 3:22-12(a)(1)(A) (relaxing the five-year time limit to file a PCR petition upon a showing of excusable neglect and a reasonable probability that enforcing the time bar would create a fundamental injustice).

Federal law requires adequate access to law libraries for prisoners. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Simmons v. United States, 142 S. Ct. 23, 24 (2021). Defendant's claim that he could not access a federal prison law library was a bald assertion.[2] See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. [Petitioner] must allege facts sufficient to demonstrate counsel's alleged substandard performance."). Defendant provided no timeline

---

[2] In November 2022, defendant pled guilty and was sentenced to thirteen years in federal prison for his ringleader role in a $1.9 million fraud scheme involving bank fraud, passport fraud, and identity theft. See United States v. Malik, No. 23-10610 (5th Cir. Mar. 4, 2024), cert. denied, 145 S. Ct. 329, (Oct. 7, 2024). Relevant here, defendant's conviction in New Jersey was used to enhance his sentence in federal court.

or documentation evidencing the details of his federal incarceration or any sworn statements alleging he was deprived access to a law library. Defendant had knowledge of the filing deadlines and acknowledged them at sentencing. Without asserting facts creating a reasonable probability of fundamental injustice, Rule 3:22-12's time limit cannot be relaxed.

Out of an abundance of caution, Judge Ryan addressed defendant's petition on the merits, finding no ineffective assistance of counsel, and denied defendant's request for an evidentiary hearing. We substantially agree with his reasoning and in light of our conclusion that the five-year time bar precludes defendant's application for relief, we decline further comment on the merits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3832-23